MICHAEL BAILEY
United States Attorney
District of Arizona
ANGELA WOOLRIDGE
Assistant U.S. Attorney
Arizona State Bar No. 022079
405 W. Congress St., Suite 4800
Tucson, AZ  85701-5040
Telephone: (520) 620-7300
Email: Angela.Woolridge@usdoj.gov
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR18-2272-TUC-JGZ (LAB) |
| Plaintiff, | |
| vs. | GOVERNMENT'S SENTENCING MEMORANDUM |
| Alejandro Navarro Mendez, | |
| Defendant. | |

Plaintiff, United States of America, by and through its attorneys undersigned, hereby files its Sentencing Memorandum for the defendant, Alejandro Navarro Mendez, in the above-referenced case. Sentencing is currently set for January 21, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   FACTS AND PROCEDURAL HISTORY

From October 2017, through September 2018, Alejandro Navarro-Mendez purchased a total of 108 firearms, as confirmed through records of licensed firearms dealers in Arizona.  Law enforcement agents interviewed Navarro-Mendez regarding these firearms purchases, and Navarro-Mendez admitted he purchased the firearms with the intent to provide them to someone else.  Navarro-Mendez advised the agents that he purchased the firearms on behalf of other individuals in Mexico.  Navarro-Mendez received the money for the purchases from the individuals in Mexico, and was paid $100 for each firearm he purchased for them.  After the purchases, Navarro-Mendez met with

other individuals and delivered the firearms to them, knowing the firearms would then be smuggled into Mexico.  Neither Navarro-Mendez nor any of the other individuals involved in the smuggling of these firearms had any license or lawful authority to export the firearms into Mexico.

On November 7, 2018, the defendant was indicted on one count of Smuggling Goods From the United States and 76 counts of Making False Statements in Connection with the Acquisition of Firearms.  On November 6, 2019, he pleaded guilty to Count One of the Indictment, Smuggling Goods From the United States, with a written plea agreement.  He is scheduled to be sentenced by this Court on January 13, 2020.

## II.     APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations set forth in the final Presentence Report.  The base offense level is 26 pursuant to U.S.S.G. § 2M5.2(a)(1). Three levels are subtracted for acceptance of responsibility pursuant to § 3E1.1(a) and (b), for a final offense level of 23.  Together with the defendant's Criminal History Category of I, this provides for a sentencing guideline range of 46 to 57 months imprisonment.  The plea agreement provides for a sentencing range of 33 to 57 months.

## III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to 46 months imprisonment, the bottom of the guideline range.  The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant.

The severity of the defendant's offenses in this case is significant.  The defendant committed his offenses over the course of a year.  He had considerable time to reflect on the severity of his crimes and the harm that they could cause others, but he nonetheless continued to purchase more than one hundred firearms on many separate occasions to traffic to a criminal organization in Mexico.  The defendant was very calculating in his criminal behavior, structuring his weapons purchases to avoid detection.  He committed

these crimes for financial gain, in complete disregard of the devastating effects of his actions. The sheer number of firearms the defendant purchased and provided to be smuggled is staggering, and the amount of damage these weapons have caused and will continue to cause is beyond quantification.

The defendant's lack of criminal history is accounted for by his Criminal History Category of I, and thus the sentencing guideline range adequately reflects the individual characteristics of the defendant. Not accounted for in the guidelines, however, is the defendant's violation of the Court's trust in this matter. While on pretrial release, the defendant violated his conditions of release by abusing pain medication and traveling to Mexico without authorization. This behavior suggests the defendant is a risk to reoffend. The government does not believe that any grounds for a departure or variance exist in this case, and submits that a sentence at the low end of the guideline range is reasonable and necessary to accomplish the goals of sentencing.

### IV.   CONCLUSION

For the reasons discussed, the government respectfully requests that this Court sentence the defendant to 46 months imprisonment. The government submits that this sentence is appropriate and no greater than necessary based on the facts and circumstances of the offenses and the individual characteristics of the defendant.

Respectfully submitted this 14th day of January, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Angela Woolridge*
ANGELA WOOLRIDGE
Assistant U.S. Attorney

Copy of the foregoing served
electronically or by other means
this 14th day of January, 2020, to:

Walter Goncalves, Esq.
Attorney for the defendant